UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ABHAYA NAND DEVA )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>INDIANA DEPARTMENT OF )<br>REVENUE )<br>UNITED COLLECTIONS BUREAU, )<br>INC. )<br>)<br>)<br>Defendants ) | Cause No. 3:25CV 531 CCB-SJF |

**COMPLAINT UNDER 42 U.S.C. 1983 FOR VIOLATION OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL**

### I.    Nature of the Claims

1. This action seeks money damages because the Indiana Department of Revenue's "DEPARTMENT" participation through a private party "COLLECTION AGENCY" wrongfully deprived Plaintiff of his property. Plaintiff alleges that all of the Defendants acted under color of state law and violated Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. Plaintiff also brings state law claims pursuant to this Court's supplemental jurisdiction.

### II.    Jurisdiction

2. This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§

1

1331 and 1343. The Court has supplemental jurisdiction over Plaintiff's State claims, which are based on Indiana state law, under 28 U.S.C. § 1367.

3. Venue in the United States District Court for the Northern District of Indiana, South Bend Division is proper pursuant to 28 U.S.C. § 1391.

### III.  Parties

4. Petitioner's name is Abhaya Deva who resides at 719 E. Market Street, Logansport, Indiana 46947.

5. The first Defendant, Indiana Department of Revenue, has a physical location at 100 N Senate Ave, Indianapolis, Indiana. The second Defendant, United Collections Bureau, Inc is a Corporation existing under the laws of the State of Ohio with a physical location at 200 Patrol Road, Jeffersonville, Indiana 47130.

### IV. Facts of the Case

6. Mr. Deva is an elderly gentleman who resides in Logansport, Indiana and receives social security benefits each month directly deposited into his sole bank account at Diversified General Federal Credit Union also located in Logansport, Indiana. On or about October 17, 2024, DEPARTMENT, as a first contact with Mr. Deva, mailed three documents entitled "DEMAND FOR PAYMENT" for the years 2021, 2022, and 2023 respectively. The Department skipped the "NOTICE OF ASSESSMENT" process altogether. Following proper procedure, Mr. Deva responded in writing by certified mail attaching the demand for payments as follows:

### (Demand for payment years 2021, 22, 23)

"This is the first document received and serves as an initiation of collection activities by the Department. Prior to issuing a "Demand for Payment", your Department is required to issue a "Notice of Proposed Assessment", which provides notice to the taxpayer and a limited opportunity to dispute the proposed assessment (60 days) which is rooted and assured as proper procedure under Indiana Law. Your Department has skipped this step and moved directly to a demand for payment and collections without giving Petitioner the opportunity to dispute after proper notice". See: (Pl. "exhibit A")

DEPARTMENT completely ignored Plaintiff and without a final determination of his filed dispute, sent Plaintiff a letter on or about January 15, 2025, threatening therein to attach his state tax return for this imaginary amount owed that no one has ever seen. Department then secretly issued tax warrants based on this imaginary assessment, without recording the document or filing a "proceedings supplemental" as required under Indiana Law. Id.

Thereafter, Plaintiff timely filed a dispute and requested a hearing pursuant to Indiana law. He also requested therein that a final determination be issued regarding his dispute that will allow for an appeal to the Indiana Tax Court. Id.

Thereafter on or about May 25, 2025, the Department issued a letter to Plaintiff Deva stating that he had waited beyond the Statute of Limitations to file his dispute. They counted from the day of their alleged assessment and ignored Plaintiff Deva's response, which was issued timely and by following the exact rule, on November 3, 2024 (mailed as evidenced by certified mail). Their letter also stated that the letter itself cannot be considered a "final determination" for purposes of appeal under Rule (3)A of the Indiana Tax Court. Thus, Plaintiff Deva, having never received a final determination, could not perfect his constitutional right to appeal. Id.

Without any notice to Plaintiff Deva, an unknown collection agency, acting as an agent for DEPARTMENT, placed a levy on Plaintiff Deva's account in the amount of the alleged assessment without a proceedings supplemental

action or writ of execution thereof. The bank, without waiting (60) days as required by Rule, forwarded his Social Security funds to COLLECTION AGENCY. See: (Pl. exhibits B&C).

Thereafter, Plaintiff Deva discovered that the DEPARTMENT had done this to at least (8) individuals who are initiating litigation currently, and the DEPARTMENT may be doing this as a general practice or custom. Moreover, the COLLECTION AGENCY faces a multitude of litigations for violating the Federal Credit Reporting Act and Due Process issue due to their failure to notify tax payers and attaching bank accounts without a proceedings supplemental or writ of execution required under Indiana law title (6) of the Indiana Tax Code.

Thus, this law suit ensued.

## V. First Claim 42 U.S.C. § 1983--Against All Defendants
### Deprivation of federal civil rights under color of state authority

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

8. Plaintiff incorporates the preceding paragraph by reference as if fully rewritten herein.

9. Defendants at all times relevant to this action were acting under color of

state law.

10. Defendants and ALL of them collectively, conspired to unlawfully deprive Plaintiff of his property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

11. Defendants and ALL of them collectively, did unlawfully deprive Plaintiff of his liberty interest by way of his right to contract without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States creating monetary, and other multiple damages as cited herein plaintiff's prayer for relief.

12. Defendants, acting outside their Statutory Authority, made an unreasonable search and seizure of Plaintiff's personal property by levy in violation of the Fourth Amendment to the Constitution of the United States as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States and the Social Security Act.

13. At all times relevant hereto, Defendant COLLECTION AGENCY acted pursuant to improper policy or custom of the DEPARTMENT in depriving plaintiff of personal property without court order, proceedings supplemental, or recording proper documents and without providing an opportunity for the plaintiff to be heard.

14. Defendant Indiana Department of Revenue, under the direction of its Commissioner, failed to adopt clear policies and failed to properly train its employees as to the proper role of the same as it relates to Indiana Code title 6.

15. Defendant Indiana Department of Revenue's policy or custom, and its failure

5

to adopt clear policies and failure to properly train its agents, were a direct and proximate cause of the constitutional deprivation suffered by Plaintiff.

16. Defendants violated Deva's constitutional rights as follows:

**A.    The Due Process Clause:**

The Fourteenth Amendment's Due Process Clause, mirroring the Fifth Amendment's, prohibits states from denying citizens life, liberty, or property without due process of law.

**B     Deprivation of Liberty:**

The statement claims the actions constituted a "deprivation of liberty," implying a violation of the fundamental right to freedom and autonomy.

**C.    Invasion of Privacy:**

The statement asserts that the actions involve an "invasion of privacy," suggesting a violation of an individual's personal space and information.

**D.    Due Process Requirement:**

This argument contends that because the actions are so intrusive, they require the government to follow fair procedures (due process) before taking action. This includes providing notice, a hearing, and the opportunity to be heard.

**E     Substantive vs. Procedural Due Process:**

The argument refers to both procedural and substantive due process. Procedural due process requires fair procedures before a government can act, while substantive due process protects certain fundamental rights, including privacy, from government interference.

### Defendants violated the Requirements of Due Process

17. The language of the Fourteenth Amendment requires the provision of due process when an interest in one's "life, liberty or property" is threatened.

18. Due process of law is [process which], following the forms of law, is appropriate to the case and just to the parties affected. It must be pursued in the

ordinary mode prescribed by law; it must be adopted to the end goal to be attained; and whenever necessary for the protection of the parties, it must give them an opportunity to be heard respecting the justice of the judgment sought. Any legal proceeding enforced by public authority, whether sanctioned by age or custom or newly devised in the discretion of the legislative power, which regards and preserves these principles of liberty and justice, must be held to be due process of law.

19. Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property

20. The required elements of due process are those that "minimize substantively unfair or mistaken deprivations" by enabling persons to contest the basis upon which a state proposes to deprive them of protected interests.

21. The dignitary importance of procedural rights, the worth of being able to defend one's interests even if one cannot change the result.

22. The core of these requirements is notice and a hearing before an impartial tribunal. Due process may also require an opportunity for confrontation and cross-

examination, and for discovery; that a decision be made based on the record, and that a party be allowed to be represented by counsel.

23. Plaintiff has an elementary and fundamental requirement of due process in any proceeding which is to be accorded finality in a notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections

### A. Failure to provide Notice

24. Notice must be sufficient to enable the recipient to determine what is being proposed and what he must do to prevent the deprivation of his interest.

### B. Failure to provide a hearing upon request

25. Some form of hearing is required before an individual is finally deprived of a property [or liberty] interest "Parties whose rights are to be affected are entitled to be heard".

26. Plaintiff has right to expect a "basic aspect of the duty of government to follow a fair process of decision making when it acts to deprive a person of his possessions. The purpose of this requirement is not only to ensure abstract fair play to the individual but its purpose, more particularly, is to protect his use and possession of property from arbitrary encroachment.

### C. Failure to allow a hearing before a hearing officer

27. An impartial decision maker is an essential right in civil proceedings as well. "The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law... At the same time, it preserves both the appearance and reality of fairness... by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him.

28. When the Constitution requires a hearing, it requires a fair one, held before a tribunal which meets currently prevailing standards of impartiality. *Wong Yang* A party must be given an opportunity not only to present evidence, but also to know the claims of the opposing party and to meet them. Those who are brought into contest with the Government in a quasi-judicial proceeding aimed at control of their activities are entitled to be fairly advised of what the Government proposes and to be heard upon the proposal before the final command is issued.

### D. Denying Plaintiff's right of access to Judicial Review

29. The court should not require exhaustion because these remedies are judicial in nature.

30. The doctrine does not require exhaustion of unnecessary, inadequate, or futile administrative remedies. DEPARTMENT has taken action to deny the litigant access to the appeal process.

31. Exhaustion of administrative remedies is not required here where the litigant is currently and will be subject to irreparable injury in the future due to lengthy administrative procedures that fail to provide interim relief.

32. In Indiana, judicial review of actions taken by administrative agencies is a constitutional right, subject to certain statutory and common law requirements. For example, the Indiana Administrative Orders and Procedures Act ("AOPA") establishes the requirements a party must satisfy to obtain judicial review of actions taken by most agencies. Those include the general conditions under which judicial review is available such as: who has standing to seek judicial review, the time for filing a petition, the procedures for filing a petition, the standard of review a court is required to apply in reviewing an agency decision, and various other procedural requirements governing adjudications under the AOPA

## VI. Second Claim-FAIR CREDIT REPORTING ACT

### (Against both Defendants)

### 15 U.S.C. §§ 1681-1681

33. Plaintiff realleges and incorporates by reference all previous paragraphs in this complaint.

34. Defendants have injured Plaintiff by committing unlawful practices based on disparate treatment in violation of the Fair Credit Reporting Act including but not limited to the following conduct:

35. The Consumer Credit Reporting Act, specifically the Fair Credit Reporting Act (FCRA), is a federal law that promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies, such as credit bureaus. It regulates how these agencies can collect, access, use, and share consumer data. Under the FCRA, consumers have rights to ensure their credit information is accurate and to dispute any inaccuracies.

## VII. Third claim- Intentional Infliction of Emotional Distress
### (Indiana Code § 35-45-10-1)

36. Both Defendants engaged in acts directed at Plaintiff Deva which seriously alarmed, annoyed and harassed Plaintiff for which there was no legitimate purpose. Defendants' course of conduct would have caused any reasonable person to suffer substantial emotional distress.

37. Plaintiff Deva suffered and continues to suffer substantial distress because of Defendants' actions as set forth above.

38. Defendants did the acts herein maliciously and oppressively, and with the wrongful intention of hurting Plaintiff Deva. Plaintiff Deva is thus entitled to recover punitive damages in an amount determined by a jury.

## VIII. Fourth claim- Negligence
### Failure to Train or Supervise (Indiana Code § 34-51)
### (Against the Indiana Department of Revenue)

39. Plaintiff realleges and incorporates by reference all previous paragraphs in this complaint.

40. Defendant DEPARTMENT is negligent by want of ordinary care or skill in their ownership or management of their agents.

41. This negligence includes their failure to train, monitor and supervise their employees and/or agents and their failure to ensure their compliance with the federal Fair credit reporting Act, the Constitution of the United States, and applicable regulations of the Social Security Administration.

42. Accordingly, plaintiff Deva is entitled to an award of damages against all defendants.

## IX. Fifth claim-The Fourth Amendment to the United States Constitution

### Unreasonable Search and Seizure of property

### LEVY AND GARNISHMENT OF BENEFITS

SSR 73-22c: SECTION 207 (42 U.S.C. 407). -- SSR 79-4: SECTIONS 207, 452(b), 459 and 462(f) (42 U.S.C. 407, 652(b), 659 and 662(f))

SSR 87-9c: SECTIONS 207 AND 1127 OF THE SOCIAL SECURITY ACT (42 U.S.C. 407 AND 1320a-6)

43. Under the Fourth Amendment of the United States Constitution, individuals are granted protection against unreasonable searches and seizures by the government. This constitutional safeguard requires that any search or seizure conducted by law enforcement must be reasonable. Typically, reasonableness is established when officers obtain a search warrant based on probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the items to be seized.

44. Generally, Social Security benefits are exempt from execution, levy, attachment, garnishment, or other legal process, or from the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407 provides:

"The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the *moneys paid* or

payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

45. Section 207 of Social Security Act, which exempts social security benefits from any legal process of creditors, bars State from recovering identifiable social security benefits paid to such beneficiary. In performing its statutory duty to take care of the needy, the State is not in any different position than any other creditor.

## X. RELIEF "injunctive"

Wherefore, Plaintiff prays for the following injunctive relief:

i. Permanently enjoin all unlawful practices alleged in this complaint and impose injunctive relief prohibiting defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, from violating the unlawful practices alleged herein;

ii. Enter a permanent injunction directing defendants and their directors, officers, agents, and employees to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent similar occurrences in the future;

iii. The Court declare that defendants have violated the provisions of applicable federal and state laws;

## Prayer for Relief

WHEREFORE, Plaintiff prays for the following relief:

A. On his first claim, a judgment for compensatory and punitive damages in an amount to be determined at trial, plus reasonable attorney fees pursuant to 42 U.S.C. § 1988, against all Defendants;

B. On his second claim, a judgment for compensatory and punitive damages in an amount to be determined at trial, against both Defendants

C. On his third-FCRA claim, a judgment for compensatory damages, with a minimum amount pursuant to State or Federal codification plus ten percent (10%) of the principal plus interest;

D. A jury trial on all appropriate issues;

E. An award of costs and expenses against the Defendants;

F. Any and all other relief this Court may deem appropriate.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff hereby requests a jury trial.

Dated: June 20, 2025

Respectfully Submitted,

*Abhaya Deva*

ABHAYA DEVA, Plaintiff

719 E. Market Street

Logansport, Indiana 46847

mentorwiz@gmx.com