UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ABHAYA NAND DEVA, | |
| Plaintiff, | |
| v. | Case No. 3:25-CV-531-CCB-SJF |
| INDIANA DEPARTMENT OF REVENUE, et al., | |
| Defendants. | |

## OPINION AND ORDER

Before the Court is Plaintiff Abhaya Nand Deva's Motion for Stay of Collection Activities. (ECF 5). On June 20, 2025, Mr. Deva filed a complaint seeking damages from and injunctive relief against the Indiana Department of Revenue ("the IDOR") and its agent United Collections Bureau ("UCB"). (ECF 1 at 1). In his complaint, Mr. Deva alleged that the IDOR failed to timely notify him of his past due income tax liability and, through its agent UCB, improperly levied a bank account containing Mr. Deva's Social Security benefit funds. (ECF 1 at 2–4). Mr. Deva raised multiple claims against UCB and the IDOR on this basis, including a civil rights claim under 42 U.S.C. § 1983; a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681; and claims for intentional infliction of emotional distress, negligence, and unreasonable search and seizure. (ECF 1 at 4–14). Mr. Deva then followed this complaint with a Motion for Stay of Collection Activities on August 21, 2025. (ECF 5). In his motion, Mr. Deva asks this Court to stay collection activities by UCB and the IDOR until this case is resolved. (ECF 5 at 2–3).

UCB filed an amended response to Mr. Deva's motion on September 19, 2025, (ECF 18), and Mr. Deva replied on September 25, 2025, (ECF 22).

Under federal law, this Court lacks jurisdiction to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Tax Injunction Act ("TIA"), 28 U.S.C. § 1341. The TIA's requirement that a remedy be plain, speedy, and efficient is "construed narrowly." *Scott Air Force Base Props., LLC v. Cnty. of St. Clair, Ill.*, 548 F.3d 516, 521 (7th Cir. 2008) (citation omitted). It requires only that the "state-court remedy meet[] certain minimal *procedural* criteria." *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512 (1981). So long as the state court remedy affords "a full hearing and judicial determination at which [a taxpayer] may raise any and all constitutional objections to the tax," this Court may not stay collection or enforcement of a state tax. *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 880 (7th Cir. 2002) (citation omitted) (alteration in original).

The remedies available to taxpayers under Indiana law meet this low bar. In Indiana, the IDOR is tasked with the administration, collection, and enforcement of income tax. Ind. Code § 6-8.1-3-1. If the IDOR believes that a taxpayer has not reported the proper amount of tax due, it will "make a proposed assessment of the amount of the unpaid tax" and mail that notice to the taxpayer. Ind. Code § 6-8.1-5-1. The taxpayer then has sixty days from the date the notice was mailed to pay the assessment or file a written protest. *Id.* If the taxpayer files a protest and requests a hearing, the IDOR will set a hearing and notify the taxpayer by mail. *Id.* After the hearing, the IDOR will mail a

2

"letter of findings" to the taxpayer. *Id.* If the taxpayer is dissatisfied with the result of the hearing, he may request a rehearing within thirty days of the date the letter of findings was mailed. *Id.* The taxpayer may also seek judicial review in the Indiana Tax Court within ninety days of the date the letter of findings was mailed or the date the IDOR denies the taxpayer's request for a rehearing. *Id.* From there, the taxpayer may appeal to the Indiana Supreme Court, then seek certiorari in the United States Supreme Court. Ind. Code § 33-26-6-7.

The Seventh Circuit has repeatedly confirmed that Indiana law provides a sufficiently plain, speedy, and efficient remedy to those who wish to challenge their property tax assessments. *See Hay*, 312 F.3d at 880; *Miller v. Bauer*, 517 F.2d 27 (7th Cir. 1975); *Sack Bros. Loan Co. v. Cunningham*, 578 F.2d 172 (7th Cir. 1978). While this case involves income tax rather than property tax, the remedies available to a taxpayer in both situations are similar in substance. In a property tax assessment case, the taxpayer may seek review of their assessment by the County Tax Assessment Board of Appeals, then the Board of Tax Review, then the Indiana Tax Court. *See Hay*, 312 F.3d at 880. In income tax cases, the taxpayer may seek a hearing before the IDOR, then a rehearing, then appeal to the Indiana Tax Court. Ind. Code § 6-8.1-5-1. Relying in part on their similarity to property tax remedies, the Court concludes that the options available to taxpayers seeking to challenge their income tax assessments provide a sufficiently plain, speedy, and efficient remedy to satisfy the "minimal *procedural* criteria" required by *Rosewell*. *See Logal v. Miller*, 381 F. Supp. 2d 806, 809–10 (N.D. Ind. 2005) (drawing a similar analogy between property tax remedies and inheritance tax remedies). Thus,

3

this Court is barred by the TIA from staying the IDOR's efforts to collect past due income tax from Mr. Deva.

The Court lacks jurisdiction to enjoin the IDOR's actions under the TIA. Because it has no jurisdiction to grant the relief Mr. Deva requests, the Court need not reach the question of whether an injunction is appropriate in this context. Mr. Deva's Motion for Stay of Collection Activities (ECF 5) is **DENIED.**

SO ORDERED on October 9, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT