UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ABHAYA NAND DEVA,

    Plaintiff,

    v.                                                                    Case No. 3:25-CV-531-CCB-SJF

INDIANA DEPARTMENT OF
REVENUE, et al.,

    Defendants.

**OPINION AND ORDER**

Before the Court is Defendant United Collections Bureau's ("UCB") Motion to Dismiss for Lack of Subject Matter Jurisdiction. (ECF 20). Plaintiff Abhaya Nand Deva, proceeding pro se, filed a response to UCB's motion to dismiss. (ECF 23). UCB's motion to dismiss is **GRANTED**. Mr. Deva has leave to amend his FCRA claim.

**I.  RELEVANT BACKGROUND**

On June 20, 2025, Mr. Deva filed a complaint against the Indiana Department of revenue ("the IDOR") and its agent United Collections Bureau ("UCB") under 42 U.S.C. § 1983. (ECF 1). In his complaint, he alleges that the IDOR failed to notify him of his past due income tax liability as required by state law. (ECF 1 at 2–3). He further alleges that UCB and the IDOR improperly levied a bank account containing his Social Security benefit funds. (ECF 1 at 3–4). Mr. Deva raises five claims in his complaint: (1) a claim of constitutional injury under 42 U.S.C. § 1983; (2) a claim under the Fair Credit Reporting Act ("the FCRA"), 15 U.S.C. § 1681; (3) a claim of intentional infliction of emotional

distress under Indiana code section 35-45-10-1; (4) a negligence claim under Indiana code section 34-51;[1] and (5) a claim of unreasonable search and seizure under the Fourth Amendment and 42 U.S.C. § 407. (ECF 1 at 4–14). He argues that this Court has subject matter jurisdiction over his claims under 28 U.S.C. §§ 1331 and 1343 and seeks relief in the form of an injunction against any further collection activities by the IDOR, a declaration that UCB and the IDOR have violated federal and state law, and compensatory and punitive damages.

UCB has moved to dismiss Mr. Deva's complaint on the ground that this Court lacks subject matter jurisdiction. (ECF 22). In support of this, UCB argues that the Tax Injunction Act and principles of federalism and comity prohibit the Court from hearing Mr. Deva's § 1983 claims. (ECF 21 at 3–4). The Court agrees. UCB also argues that this Court lacks subject matter jurisdiction because the Indiana Tax Court has exclusive jurisdiction of Mr. Deva's case. On this point, the Court disagrees. UCB does not address Mr. Deva's FCRA claim or his 42 U.S.C. § 407 claim, but the Court considers both on its own motion and concludes that neither states a valid claim.

II.    ANALYSIS

    1. **This Court Lacks Jurisdiction Over Mr. Deva's § 1983 Claims**

Subject matter jurisdiction is "the power to declare law," and federal courts cannot act without it. *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). Consequently, subject matter jurisdiction may be raised by either party, or by the

---

[1] The Court notes that this section number refers only to the Indiana Code's general article on damages and not any specific provision.

Court itself, in any federal action. *Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011). Parties cannot waive or forfeit such challenges through inaction or consent. *United States v. Cotton*, 535 U.S. 625, 630 (2002). And federal courts have an independent obligation to confirm subject matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). If a federal court determines that it lacks subject matter jurisdiction at any point, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Federal courts may acquire subject matter jurisdiction through federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Because Mr. Deva made no claims to diversity jurisdiction, the Court will restrict its analysis to federal question jurisdiction. 28 U.S.C. § 1331 grants jurisdiction to federal district courts over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1367 extends this grant of jurisdiction to claims so related to the federal question claim "that they form part of the same case or controversy." But Congress is the source of most federal jurisdiction and so generally may elect to strip the federal courts of jurisdiction over a class of cases. *Patchak v. Zinke*, 583 U.S. 244, 253–54 (2018) ("[A] congressional grant of jurisdiction is a *prerequisite* to the exercise of judicial power."). If Congress passes a statute depriving the district courts of jurisdiction to decide a certain class of cases, subject matter jurisdiction over those cases no longer exists. *Arbaugh*, 546 U.S. at 515.

### a. Neither Injunctive nor Declaratory Relief Is Available Under § 1983

The Tax Injunction Act ("the TIA"), 28 U.S.C. § 1341, is just such a jurisdiction stripping statute. The statute provides that "[t]he district courts shall not enjoin,

3

suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. So long as a state remedy meets the "minimal *procedural* criteria" of plain, speedy, and efficient, district courts lack jurisdiction to enjoin state tax enforcement activity. *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512 (1981). The Court has found that Indiana's income tax remedies meet this low bar. (ECF 24). Thus, this Court lacks jurisdiction to grant injunctive relief.

Still, Mr. Deva contends that § 1983 authorizes his suit against the IDOR. While he does not confront the TIA in his response to UCB's motion to dismiss, he argues that § 1983 "remains a viable vehicle for challenging unconstitutional state action unless Congress has explicitly foreclosed such relief." (ECF 23-1 at 6). But Congress did explicitly foreclose such relief in the TIA, and Mr. Deva has identified no caselaw to the contrary. He points the Court to *National Private Truck Council, Inc. v. Oklahoma Tax Commission* for the proposition that a § 1983 suit remains available in a dispute over state tax administration. 515 U.S. 582 (1995). But in that case the Supreme Court held that, "[t]hough federal courts are obliged to hear § 1983 claims, it is clear that they may not award . . . injunctive relief in state tax cases when an adequate state remedy exists." *Id.* at 588. This mirrors the language of the TIA and directly contradicts Mr. Deva's argument. Under the TIA, injunctive relief is simply not available.

Neither is declaratory relief. Because a declaratory judgment "may in every practical sense operate to suspend collection" of state taxes until the action concludes, the TIA "prohibits declaratory as well as injunctive relief." *California v. Grace Brethren*

4

*Church*, 457 U.S. 393, 408, 411 (1982). Under the TIA, this Court lacks jurisdiction to order the injunctive or declaratory relief Mr. Deva seeks.

### b. Damages Are Not Available Under § 1983

Mr. Deva also seeks damages. An award of damages under § 1983 is not explicitly foreclosed by the TIA. It is, however, foreclosed by principles of federalism and comity. In *National Private Truck Council*, the Supreme Court traced a long line of cases emphasizing a "strong background principle against federal interference with state taxation." 515 U.S. at 589. This background principle, in conjunction with "principles of federalism and comity," led the Court to conclude that "Congress never authorized federal courts to entertain damages actions under § 1983 against state taxes when state law furnishes an adequate legal remedy." *Id.* at 586–87. While the reasoning foreclosing damages is subtler than the flat bar on injunctive and declaratory relief, the result is the same. Because Indiana provides an adequate legal remedy, the Court lacks jurisdiction to award damages under § 1983 in this case. Mr. Deva's § 1983 claim is dismissed with prejudice.

### 2. Mr. Deva Fails to State a Claim Under FCRA or 28 U.S.C. § 407

UCB does not address Mr. Deva's FCRA or 28 U.S.C. § 407 claims in its motion, but for the sake of efficiency the Court will consider them here. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) (finding that district judges may examine claims for defects to "save everyone time and legal expense"). Under Fed. R. Civ. P. 12(b)(6), "a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

5

*Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)). A complaint therefore fails to state a claim if it does not "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal quotations omitted). This Court may raise failures to state a claim on its own motion when "a sufficient basis for the court's action is apparent from the plaintiff's pleading." *Apostol v. Landau*, 957 F.2d 339, 343 (7th Cir. 1992).

### a. The FCRA Claim

The FCRA was passed to ensure that the consumer reporting agencies who compile credit reports were "exercis[ing] their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681. Among other things, the FCRA limits who may receive credit reports from consumer reporting agencies, what information may be included in credit reports, who may be sued for violating these rules, and what courts they may be sued in. 15 U.S.C. §§ 1681b, 1681c, 1681p. The rules mostly govern consumer reporting agencies. There are provisions under which someone besides a consumer reporting agency may be sued under the FCRA, but they are quite limited. *See* 15 U.S.C. §§ 1681q (imposing liability on a person for obtaining a credit report under false pretenses); 1681d (imposing liability on a person for failing to notify a consumer of a requested investigative consumer report). Unless these provisions apply, only consumer reporting agencies may be held civilly liable under the FCRA.

Mr. Deva claims that UCB and the IDOR violated the FCRA "by committing unlawful practices based on disparate treatment in violation of the Fair Credit Reporting Act," but he does not plead any facts that even remotely support this. (ECF 1 at 11). Instead, his claim is limited to this vague allegation and one additional paragraph summarizing the FCRA. (*Id.*) As neither UCB nor the IDOR is a consumer reporting agency, the Court struggles to see how they could have violated the FCRA in a way that would trigger civil liability and bring them within this Court's jurisdiction. Mr. Deva has not pled sufficient facts to "plausibly suggest" he has a right to relief under FCRA. *E.E.O.C.*, 496 F.3d at 776. Thus, he has failed to state a claim. This claim is dismissed without prejudice, and Mr. Deva is granted leave to amend it.

### b. The 42 U.S.C. § 407 Claim

Mr. Deva's § 407 claim is unclear. He cites 42 U.S.C. § 407, which provides that "none of the moneys paid" out as Social Security benefits "shall be subject to execution, levy, attachment, garnishment, or other legal process." He also cites the Fourth Amendment for the proposition that searches by law enforcement must be "reasonable." (ECF 1 at 13). Mr. Deva does not explain any connection between the Fourth Amendment and § 407 aspects of his claim. 42 U.S.C. § 1983 authorizes suit by private citizens for deprivation of constitutional rights. If Mr. Deva is bringing this claim under the Fourth Amendment, it is properly included in his § 1983 claim, where it fails for the jurisdictional reasons discussed above. If Mr. Deva is attempting to bring it under 42 U.S.C. § 407, this claim fails because § 407 does not create a private right of action.

A private right of action is "an individual's right to sue in a personal capacity to enforce a legal claim." Black's Law Dictionary (12th ed. 2024) (defining "private right of action"). Only Congress can create a "private right[] of action to enforce federal law." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). And where a statute does not create a private right of action, courts "will not imply one." *Endsley v. City of Chicago*, 230 F.3d 276, 281 (7th Cir. 2000). Because § 407 does not contain language creating a private right of action, Mr. Deva cannot make out a claim based on this statute alone. *See Townsel v. DISH Network L.L.C.*, 668 F.3d 967, 969 (7th Cir. 2012) (finding that § 407 does not create a private right of action and thus may only be used defensively to bar collection of Social Security benefits). Without a private right of action, he is incapable of stating a claim upon which the Court may grant him relief.

### 3. The State-Law Claims Fail Without Supplemental Jurisdiction

This Court may exercise supplemental jurisdiction over claims outside of its original jurisdiction when they are so related to claims within its original jurisdiction "that they form part of the same case or controversy." 28 U.S.C. § 1367. But parties seeking to invoke this Court's supplemental jurisdiction must have "a hook of original jurisdiction on which to hang it." *Rivera v. Allstate Ins.*, 913 F.3d 603, 617 (7th Cir. 2018) (citation omitted). Because none of Mr. Deva's federal claims survive, his state-law claims cannot continue. They are dismissed without prejudice.

UCB contends that this Court lacks subject matter jurisdiction over Mr. Deva's state-law claims because Indiana law grants exclusive jurisdiction over tax matters to the Indiana Tax Court. This is wrong. States lack the "constitutional authority to limit a

8

district court's jurisdiction; that power lies exclusively with Congress." *Zahn v. N. Am. Power & Gas*, 847 F.3d 875, 876–77 (7th Cir. 2017). Had Mr. Deva's claims raised a valid federal question, the issue of federal law would trump the jurisdiction of the Indiana Tax Court. *See* U.S. Const., art. VI ("[T]he Laws of the United States . . . shall be the supreme Law of the Land."). But, as discussed, Mr. Deva does not successfully assert federal question jurisdiction.

### III.    CONCLUSION

The claims here are tangled enough to merit a brief summary. The Court takes Mr. Deva to be asserting federal question jurisdiction for his first, second, and fifth claims, and supplemental jurisdiction for his third and fourth claims. On his first claim, alleging constitutional injuries under § 1983, Mr. Deva seeks declaratory relief, injunctive relief, and damages. This claim fails to establish jurisdiction because the TIA bars this Court from providing injunctive or declaratory relief in a state tax action, and because principles of federalism and comity bar this Court from awarding damages in a state tax action. Accordingly, Mr. Deva's § 1983 claim is **DISMISSED WITH PREJUDICE.** On his second claim, alleging a violation of the FCRA, Mr. Deva seeks damages, but he fails to plead facts that plausibly suggest he is entitled to relief under the FCRA. This claim is **DISMISSED WITHOUT PREJUDICE**. On his fifth claim, alleging violations of the Fourth Amendment and 42 U.S.C. § 407, Mr. Deva seems to be seeking damages, but it is unclear. In any event, to the degree this claim stands alone, neither the Fourth Amendment nor 42 U.S.C. § 407 creates a private right of action, and there is no set of facts Mr. Deva might plead that would change that. To the degree he

9

incorporates this claim into his § 1983 claim, it fails along with that claim for lack of jurisdiction. This claim is **DISMISSED WITH PREJUDICE.** On his third and fourth claims, Mr. Deva seeks relief based on violations of Indiana state statutes. Because he fails to establish federal question jurisdiction under § 1983 or the FCRA, these claims lack supplemental jurisdiction. These claims are **DISMISSED WITHOUT PREJUDICE.**

UCB's Motion to Dismiss (ECF 20) is **GRANTED.** Mr. Deva must amend his FCRA claim by November 6, 2025. Failure to comply with this deadline or state a plausible claim will result in dismissal of Mr. Deva's case without further notice. *See Hoskins*, 320 F.3d at 763.

SO ORDERED on October 16, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT